**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000345
26-SEP-2019
09:21 AM**

NO. CAAP-19-0000345

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KA'U SUNSHINE LLC, Plaintiff-Appellee, v.
Unknown heirs or assigns of KAHAKU (k), KANAKALAUAI (w),
PAPALIMU (w), KAPANA (k), also known as W. KAPANA (k),
H. AKONA, MALAKINI (w), also known as MALAKINI APIKI (w)
and MALAKINI ENAENA (w), and ALL WHOM IT MAY CONCERN,
Defendants-Appellees, and ANDERSON X. LINDSEY,
Real Party In Interest-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 17-1-358)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal by Defendant-Appellant Anderson Lindsey (Lindsey), self-represented, from the Honorable Greg K. Nakamura's February 7, 2019 judgment in favor of Plaintiff-Appellee Ka'u Sunshine LLC in Civil No. 17-1-358, because Lindsey's April 12, 2019 notice of appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Although the February 7, 2019 judgment was an appealable final judgment under Hawaii Revised Statutes § 641-1(a) (2016) and Rule 58 of the Hawai'i Rules of Civil Procedure under the holding in Jenkins v. Cades Schutte Fleming & Wright,

76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994), Lindsey did not file his April 12, 2019 notice of appeal within thirty days after entry of the February 7, 2019 judgment, as HRAP Rule 4(a)(1) required for a timely appeal. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). We lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that CAAP-19-0000345 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-19-0000345 are dismissed as moot.

DATED: Honolulu, Hawai'i, September 26, 2019.

Chief Judge

Associate Judge

Associate Judge

2